```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

JOANNE JOHNSON O'DONNELL,

                    Plaintiff,

vs.                                  Case No.   2:10-cv-785-FtM-29SPC

PUNTA GORDA HMA, LLC, doing business
as   CHARLOTTE   REGIONAL   MEDICAL
CENTER,

                    Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. #11) filed on January 26, 2011. Plaintiff filed a response (Doc. #13) on February 9, 2011. In the Complaint (Doc. #1), plaintiff alleges defendant, her former employer, discriminated against her based upon her disability in violation of the Americans with Disabilities Act (Count I) and the Florida Civil Rights Act (Count II). She also alleges claims for retaliation (Count III) and hostile work environment (Count IV) in violation of Title VII of the Civil Rights Act of 1964. Defendant argues that the entire complaint should be dismissed because it is time-barred by the applicable statute of limitations. Alternatively, defendant seeks dismissal of Counts III and IV for failure to state a claim.

**I.**

A complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted). In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 93 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The

Court need not accept as true legal conclusions or mere conclusory statements. Id.

## II.

The Court is able to decipher from the Complaint the following relevant facts: Plaintiff began working for defendant on December 15, 2008 as a Licensed Advanced Certified Nursing Assistant/Telemtry/Unit Secretary. She was terminated two months later, on February 16, 2009. (Doc. #1, ¶ 7.) Plaintiff suffers from Systematic Lupus Erythmatosis. (Id.) Upon her termination, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The EEOC later sent plaintiff her Notice of Right to Sue (the Notice). Although the Notice was dated September 2, 2010, plaintiff alleges she received it on or about September 22, 2010. (Id., ¶3.) Plaintiff filed this lawsuit on December 21, 2010.

## III.

Defendant first argues that the Complaint should be dismissed because plaintiff's claims are barred by the applicable statute of limitations. Under the Americans with Disabilities Act (ADA) and Title VII, a plaintiff must bring suit within 90 days of receiving a right-to-sue letter from the EEOC. Miller v. Georgia, 223 F. App'x 842, 844 (11th Cir. 2007); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1). When plaintiff fails to do so, dismissal is appropriate, unless she shows that the delay was through no fault

of her own. Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339-41 (11th Cir. 1999). In the Eleventh Circuit, courts calculate the ninety-day period beginning with the claimant's "actual receipt" of the notice. Kerr v. McDonald's Corp., 427 F.3d 947, 952 (11th Cir. 2005)(citing Franks v. Bowman Transp. Co., 495 F.2d 398, 404 (5th Cir. 1974)).

Plaintiff alleges that she received the Notice "on or about" September 22, 2010. Defendant responds that the Notice was dated September 2, 2010 and that mailing from the EEOC's office in Miami, Florida to plaintiff's residence in Punta Gorda, Florida could not possibly have taken twenty days. Defendant speculates that plaintiff intentionally "re-worked" the actual receipt date so as to make the filing of her Complaint fall within the ninety-day period.

At this stage of the proceedings, the Court must take the allegations of the Complaint as true and construe them in the light most favorable to plaintiff. Here, the most favorable construction is that plaintiff received the Notice exactly on September 22nd, thus making her filing of the lawsuit on December 21, 2010 timely. Thus, the Court cannot dismiss the Complaint at this time based upon the statute of limitations.

**IV.**

Defendant next argues that Counts III and IV should be dismissed for failure to state a claim.

**A.   Count III: Retaliation**

Defendant contends that plaintiff's retaliation claim must fail because Title VII does not protect individuals from disability discrimination.[1]  Plaintiff responds that she mistakenly labeled Count III as a retaliation claim under Title VII and that she intended to allege this claim under the ADA.  Because courts apply the same analytic framework to retaliation claims under the ADA and Title VII, the Court will construe Count III as a retaliation claim under the ADA.  Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F. 3d 1278, 1287 (11th Cir. 1997); Olmstead v. Defosset, 205 F. Supp. 2d 1316, 1321 n.1 (M.D. Fla. 2002).  To state a retaliation claim under the ADA, plaintiff must allege facts which demonstrate that: (1) she participated in an activity that the ADA protects, (2) she suffered an adverse employment action, and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision.  Olmstead, 205 F. Supp. 2d at 1320-21; Albra v. City of Fort Lauderdale, 232 F. App'x 885, 891 (11th Cir. 2007).

Plaintiff's allegations with respect to Count III are vague and confusing and do not meet the pleading requirements of Federal Rules of Civil Procedure 8 and 10.  On the face of the Complaint, it appears that plaintiff's retaliation claim is based on her

---

[1]Defendant is correct that Title VII protects employees from discrimination based upon "race, color, religion, sex or national origin", not on the basis of an individual's disability.  42 U.S.C. § 2000e-2.

filing of the EEOC charge.  (Doc. #1, ¶¶42-43.)  While the filing of an EEOC charge constitutes protected activity under the ADA, a causal connection must exist between the protected activity and the resulting adverse employment action.  Here, plaintiff alleges that she filed her EEOC charge *after* her employment was terminated. Thus, there can be no causal connection between the filing of the EEOC charge and any adverse action taken by the defendant.  See Clover v. Total Sys. Serv., Inc., 176 F.3d 1346, 1354 (11th Cir. 1999)("At a minimum, a plaintiff must establish that the employer was actually aware of the protected expression at the time it took the adverse employment action.")

Plaintiff urges the Court to disregard her allegations regarding the EEOC charge and instead to look to the other allegations of the complaint for examples of a "protected activity" under the ADA.[2]  The Court has reviewed the Complaint and cannot decipher plaintiff's allegations in this regard.[3]  Plaintiff must clearly identify the protected activity she engaged in and the adverse employment action she suffered as a result.  Count III will be dismissed with leave to amend.

---

[2]Despite mentioning the EEOC charge several times in Count III, plaintiff directly contradicts the allegations of the Complaint in her response and contends that the filing of the charge was not the "protected activity" which caused her adverse employment action.  (Doc. #13, pp. 2-3.)

[3]Certain portions of the Complaint simply do not make sense. For example, plaintiff states "Plaintiff is a protective activity in which Plaintiff was a covered individual under statutes" (doc. #1, ¶42); interchangeably refers to herself in the third person and the first person - "Plaintiff was on MY dinner break" (id., ¶¶ 10-17); and makes a variety of grammatical errors in almost every paragraph.

**B.   Count IV: Hostile Work Environment**

To state a claim for hostile work environment under either Title VII or the ADA[4], plaintiff must allege facts which demonstrate: (1) that she belongs to a protected group, (2) that she was subjected to unwelcome harassment, (3) that the harassment was based on a protected characteristic, (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment, and (5) that the employer is either directly or vicariously responsible for the abusive work environment. Burgos v. Chertoff, 274 F. App'x 839, 842 (11th Cir. 2008)(applying standard to ADA claim); Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002)(applying standard to Title VII claim). Additionally, to be actionable, this behavior must result in both an environment "that a reasonable person would find hostile or abusive" and an environment that the victim "subjectively perceive[s] ... to be abusive." Miller, 277 F.3d at 1276 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). A "mere utterance of an...epithet" is insufficient to meet this standard; the workplace must be "permeated with discriminatory intimidation, ridicule and insult." Id.

The Court finds that plaintiff has failed to sufficiently plead a hostile work environment claim under either Title VII or the ADA.  Count IV is a verbatim recitation of Count III and,

---

[4]The Court suspects that plaintiff has again mislabeled this claim as a violation of Title VII.  As stated above, Title VII protects employees from discrimination based upon "race, color, religion, sex or national origin", not on the basis of an individual's disability.  42 U.S.C. § 2000e-2.

similarly, fails to comply with Federal Rules of Civil Procedure 8 and 10.  Contrary to plaintiff's assertions, the incorporation of earlier paragraphs in the Complaint does not cure this deficiency.  Plaintiff is required to identify the basis of her claim (Title VII or the ADA) and to plead facts clearly and precisely to support the elements outlined above.  Fed. R. Civ. P. 10(b); see also, Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996).  Count IV will be dismissed with leave to amend.

Accordingly, it is now

**ORDERED**:

1.  Defendant's Motion to Dismiss (Doc. #11) is **GRANTED** in part, to the extent that Counts III and IV are dismissed, without prejudice, and with leave to amend.  The Motion is otherwise denied.

2.  Plaintiff may file an amended complaint setting forth all of her claims **WITHIN TWENTY ONE (21) DAYS** of this Opinion and Order.  If no amended complaint is filed within twenty-one days, the case will proceed on Counts I and II.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of July, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record